# EXHIBIT A

LINDBERGH PORTER, Bar No. 100091
MARY D. WALSH, Bar No. 197039
LISA K. HORGAN, Bar No. 267632
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Fax No.:        415.399.8490

Attorneys for Defendant
ESA MANAGEMENT, LLC

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| SELAMA WIT EMBAYE, MARK CORREA, THOMAS MITCHELL, SANDRA PEREIRA, YOLANDA SHIHEIBER and ENREE SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>ESA MANAGEMENT, LLC (DBA "EXTENDED STAY AMERICA" and "EXTENDED STAY HOTELS"), and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No.  RG14733265<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE KIMBERLY E. COLWELL<br><br>Complaint Filed: July 17, 2014 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL (CASE NO. RG14733265)

TO THE CLERK OF THE SUPERIOR COURT IN THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA AND TO PLAINTIFFS SELAMA WIT EMBAYE, MARK CORREA, THOMAS MITCHELL, SANDRA PEREIRA, YOLANDA SHIHEIBER and ENREE SMITH AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 18, 2014, Defendant ESA MANAGEMENT, LLC filed a Notice of Removal to Federal Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367(a), 1441 and 1446 ("Notice") in the United States District Court for the Northern District of California, a copy of which is attached as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, by the filing of such Notice and by the filing herein this Notice to State Court of Removal to Federal Court, the above-entitled action has been removed from this Court to the United States District Court for the Northern District of California.

Dated: August 18, 2014

_____
LINDBERGH PORTER
MARY D. WALSH
LISA K. HORGAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ESA MANAGEMENT, LLC

Firmwide:128175675.1 052026.1072

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

1

NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL (CASE NO. RG14733265)

# EXHIBIT B

ENDORSED
FILED
ALAMEDA COUNTY

JUL 17 2014

CLERK OF THE SUPERIOR COURT
By _____ Ciceli Johnson
Deputy

1  Aaron Kaufmann, State Bar No. 148580
   Xochitl Lopez, State Bar No. 284909
2  LEONARD CARDER, LLP
   1330 Broadway, Suite 1450
3  Oakland, CA 94612
   Tel: (510) 272-0169
4  Fax: (510) 272-0174
   E-mail: akaufmann@leonardcarder.com
5  E-mail: xlopez@leonardcarder.com

6  Attorneys for Plaintiffs

7

8

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR ALAMEDA COUNTY

| | |
|---|---|
| SELAMAWIT EMBAYE, MARK CORREA, THOMAS MITCHELL, SANDRA PEREIRA, YOLANDA SHIHEIBER, and ENREE SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>ESA MANAGEMENT, LLC (DBA "EXTENDED STAY AMERICA" and "EXTENDED STAY HOTELS"), and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. RG14733265<br><br>**COMPLAINT FOR:**<br><br>(1) OVERTIME (Labor Code §§ 510, 1194, IWC WAGE ORDER NO. 5);<br><br>(2) FAILURE TO PROVIDE MEAL PERIODS (Labor Code §§ 226.7, 512, IWC WAGE ORDER NO. 5);<br><br>(3) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §§ 226, 226.3, IWC WAGE ORDER NO. 5); and<br><br>(4) UNFAIR COMPETITION (Bus. & Prof. Code § 17200, *et seq.*). |

COMPLAINT

1.  Plaintiffs Selamawit Embaye, Mark Correa, Thomas Mitchell, Sandra Pereira, Yolanda Shiheiber, and Enree Smith (collectively "Plaintiffs") complain of Defendants as follows:

## I. INTRODUCTION

2.  This is an action for relief under California law for unpaid overtime compensation, premium pay for missed meal periods, restitution, disgorgement, statutory penalties, interest, and attorneys fees and costs.

3.  Defendant ESA Management, LLC, doing business as "Extended Stay America" and "Extended Stay Hotels" ("ESA"), is a leader in the extended stay hotel industry. According to its website, it operates nearly 700 hotels across the country, including many in Alameda County and surrounding counties. Plaintiffs have worked in several of ESA's properties located in Alameda County and in other Bay Area locations.

4.  ESA misclassified each of the Plaintiffs as exempt for purposes of California's overtime and meal period laws. While each of the Plaintiffs worked for ESA in positions that ESA designated as "management," they spent the vast majority of their work time performing non-managerial tasks and were severely constrained in their decision-making by voluminous and detailed corporate-issued policies and procedures. Because of ESA's misclassification, ESA has failed to compensate Plaintiffs for all overtime hours worked, including all hours worked in excess of eight hours in one workday or 40 hours in any one workweek at the rate of no less than one and one-half times Plaintiffs' regular rate of pay, and all hours worked in excess of 12 hours in one workday at a rate of no less than two times Plaintiffs' regular rate of pay.

5.  ESA also has failed to provide lawful, off-duty meal periods for Plaintiffs.

6.  On February 5 and March 7, 2014, Plaintiffs' counsel and ESA's counsel executed a "Tolling Agreement" for each Plaintiff named in this Complaint. In executing this Tolling Agreement, the parties agreed to "toll the statute of limitations period for the filing of any administrative charges and/or civil lawsuits that might be brought by [each] Plaintiff for alleged violations of California and/or Federal wage and hour laws."

7.  Paragraph 2 of the Tolling Agreement states that the applicable timelines will be

- 1 -
COMPLAINT

tolled from the date of execution, until "15 days after any party gives written notice by United States mail to all other parties that the Agreement no longer is effective."

8. On July 2, 2014, Plaintiffs' counsel gave written notice to ESA's counsel that the Tolling Agreement is no longer effective, as described in Paragraph 2.

## II. JURISDICTION

9. This Court has jurisdiction over the claims for overtime pay under Labor Code §§ 510, 1194.

10. This Court has jurisdiction over the claims for failure to provide meal periods under Labor Code §§ 226.7, 512, and IWC wage order No. 5.

11. This Court has jurisdiction over the claims for failure to furnish accurate wage statements under Labor Code §§ 226, 226.3 and IWC wage order No. 5.

12. This Court has jurisdiction over the claims for restitution of gains arising from Defendants' unlawful business practices, under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17203 and 17204.

## III. VENUE

13. Venue as to Defendants is proper in Alameda County, pursuant to Code of Civil Procedure § 395.5. ESA has owned and operated hotels, has transacted business, and/or has had agents in Alameda County, and is otherwise within this Court's jurisdiction for purposes of service of process. Plaintiffs Selamawit Embaye and Mark Correa have worked unpaid overtime and missed meal periods as part of their work duties carrying out ESA's business in Alameda County.

## IV. PARTIES

14. Plaintiff Selamawit Embaye resides in Alameda County. She worked at ESA's Dublin, Milpitas, and Santa Clara hotel properties as Hotel Manager and General Manager, from approximately November 2008 to December 2013.

15. Plaintiff Mark Correa resides in San Joaquin County. He has worked at several ESA hotel properties in Alameda, Contra Costa, San Mateo, and San Joaquin counties, beginning

in approximately June 2007 to the present. During that period, he has held various positions, including Hotel Manager, General Manager, Area Manager, and District Manager.

16. Plaintiff Thomas Mitchell resides in Santa Clara County. He worked at ESA's Downtown San Jose and South San Jose hotel properties as Area Manager and General Manager, from approximately March 2008 to October 2013.

17. Plaintiff Sandra Pereira resides in Sacramento County. She worked at ESA's San Mateo hotel property as Assistant General Manager and Hotel Manager, from approximately April 2010 to September 2012.

18. Plaintiff Yolanda Shiheiber resides in Contra Costa County. She worked at ESA's San Mateo and Belmont hotel properties as Area Manager and General Manager, from approximately February 2006 to August 2012.

19. Plaintiff Enree Smith resides in Santa Clara County. He worked at ESA's Santa Clara and Milpitas hotel properties as a General Manager from approximately January 2011 to September 2013.

20. Defendant ESA Management, LLC is incorporated under the laws of Delaware. ESA owns and operates several hotel properties in Alameda County, including in Oakland, Alameda, Dublin, Emeryville, Fremont, Livermore, Pleasanton, and Union City. ESA is an employer covered by the Labor Code and IWC wage order No. 5.

21. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues Defendants by such fictitious names. Plaintiffs are informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Hereinafter Defendant ESA and the DOE Defendants shall be referred to collectively as "Defendants."

## V. FACTUAL BACKGROUND

22. Plaintiff Embaye began working for ESA as a Hotel Manager in Milpitas in approximately November 2008.

23. In approximately November 2012, Ms. Embaye transferred to the Santa Clara ESA property, and later was promoted to General Manager of the Dublin, California property, where she worked until she resigned in approximately December 2013.

24. Throughout Ms. Embaye's tenure with ESA, ESA did not track or record the number of hours worked by Ms. Embaye and paid her a regular set amount each pay period that did not vary by the number of hours worked.

25. Plaintiff Mark Correa began working for ESA in approximately February 2006 as a Guest Services Representative, receiving hourly pay, in Tracy, California.

26. In approximately June 2007, Mr. Correa was promoted to Hotel Manager, for which ESA paid him a set amount each pay period that did not vary by the number of hours worked.

27. Mr. Correa became General Manager of an ESA property in Colorado Springs, Colorado, around May 2010, where he worked until approximately April 2011.

28. In approximately April 2011, Mr. Correa returned to California to work as a General Manager in San Carlos, California. Later he was promoted to Area Operations Manager of the Belmont and San Carlos Properties, and then to District Manager with responsibilities in Livermore, Dublin, Pleasanton, and San Ramon hotels. Mr. Correa currently works in this District Manager position.

29. Since at least April 2011, ESA did not track or record the number of hours worked by Mr. Correa and paid him a regular set amount each pay period that did not vary by the number hours worked.

30. Plaintiff Thomas Mitchell began working for ESA as an Area Manager at the South San Jose property in approximately March 2008.

31. In Approximately February 2013, Mr. Mitchell became General Manager, and later transferred to ESA's Downtown San Jose property, where he worked until he resigned in October

- 4 -
COMPLAINT

2013.

32. Throughout Mr. Mitchell's tenure with ESA, ESA did not track or record the number of hours that he worked, and paid him a regular set amount each pay period that did not vary by the number hours worked.

33. Plaintiff Sandra Pereira began working for ESA in approximately September 2007 as a Guest Services Representative, receiving hourly pay, in Rochester, Minnesota.

34. In approximately April 2010, Ms. Pereira was promoted to Assistant General Manager for ESA's San Mateo property.

35. Ms. Pereira was again promoted, in December 2011, to Hotel Manager of ESA's San Mateo property. In approximately, September 2012, ESA transferred Ms. Pereira to work at a hotel property in Anchorage, Alaska.

36. Since at least April 2010, ESA did not track or record the number of hours worked by Ms. Pereia and paid her a regular set amount each pay period that did not vary by the number hours worked.

37. Plaintiff Yolanda Shiheiber began working for ESA as a General Manager in San Mateo in approximately February 2006.

38. In approximately September 2008, Ms. Shiheiber was promoted to Area Manager at the Belmont and San Mateo properties, where she worked until she resigned in approximately September 2012.

39. Throughout Ms. Shiheiber's tenure with ESA, ESA did not track or record the number of hours worked by Ms. Shiheiber, and paid her a regular set amount each pay period that did not vary by the number hours worked.

40. Plaintiff Enree Smith began working for ESA as a General Manager in Santa Clara in approximately January 2011.

41. In approximately December 2012, Mr. Smith transferred to ESA's Milpitas property, where he worked until he resigned in approximately September 2013.

42. Throughout Mr. Smith's tenure with ESA, ESA did not track or record the number of hours worked by Mr. Smith and paid him a regular set amount each pay period that did not vary

by the number hours worked.

43. Defendants did not pay Plaintiffs any overtime compensation when they worked in the above mentioned "manager" positions, even though Plaintiffs regularly worked far in excess of eight hours in a day and 40 hours in a week.

44. Plaintiffs were consistently required to be available to serve customers at the front desk, clean rooms, do laundry, assist staff, and respond to calls and emails from managers and others at all times during the regular work day on-site. The typical on-site workday, not including on-call work performed before and after the on-site shift, well-exceeded six hours a day—typically ranging from approximately nine to twelve hours per day. As a result, Defendants regularly failed to provide a 30 minute off-duty meal period to Plaintiffs when they worked more than five hours in a day. Likewise, Defendants regularly failed to provide a second 30 minute off-duty meal period to Plaintiffs when they worked more than 10 hours in a day.

45. Defendants failed to pay Plaintiffs an additional hour of pay at the regular rate of pay for each off-duty meal period that Defendants failed to provide.

46. Further, Defendants have failed to accurately itemize the total hours worked on wage statements furnished to Plaintiffs.

## VI. DAMAGES

47. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiffs are owed overtime compensation plus interest, premium pay for missed meal periods plus interest, and statutory penalties, the precise amount of which will be proven at trial.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 5)

48. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

49. Plaintiffs regularly worked over eight hours in a day and over 40 hours in a week, for which Defendants did not pay them overtime premium compensation.

50. By failing to pay overtime compensation to Plaintiffs as alleged above, Defendants violated and continue to violate Labor Code § 510 and IWC wage order No. 5, § 3, which require overtime compensation for non-exempt employees.

51. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Labor Code § 1194.

52. Plaintiffs request relief as described below.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
## (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 5)

53. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

54. Plaintiffs regularly worked in excess of five (5) hours a day without being afforded at least a half-hour meal period in which they were relieved of all duties, as required by Labor Code §§ 226.7 and 512, and IWC wage order No. 5, § 11(A).

55. Plaintiffs also regularly worked in excess of ten (10) hours a day without being afforded a second half-hour meal period in which they were relieved of all duties, as required by Labor Code §§ 226.7 and 512.

56. Because Defendants failed to afford proper meal periods, they are liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7(c) and IWC wage order No. 5, § 11(B).

57. Plaintiffs request relief as described below.

## THIRD CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
## (LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 5)

58. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

59. Labor Code § 226(a) and IWC wage order No. 5, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee.

60. Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

61. Defendants knowingly and intentionally failed to furnish Plaintiffs with timely, itemized statements that accurately report the total hours worked, as required by Labor Code § 226(a) and IWC wage order No. 5, § 7(B). As a result, Defendants are liable to Plaintiffs for the amounts provided by Labor Code § 226(e), including an award of costs and reasonable attorneys' fees.

62. Plaintiffs request relief as described below.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
### (BUSINESS & PROFESSIONS CODE §§ 17200-09)

63. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

64. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

65. Business & Professions Code § 17204 allows "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" to prosecute a civil action for violation of the UCL.

66. Since at least February 5, 2010, Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by engaging in the following:

    a. failing to pay overtime compensation to Plaintiffs; and

   b.  failing to provide adequate off-duty meal periods to Plaintiffs and failing to pay premium pay for missed meal periods.

67. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business & Professions Code § 17200, *et seq.*

68. As a direct and proximate result of Defendants' unlawful, unfair, and/or fraudulent acts and practices described herein, Defendants received and continue to hold ill-gotten gains belonging to Plaintiffs. As a direct and proximate result of Defendants' unlawful business practices, Plaintiffs suffered economic injuries including, but not limited to loss of overtime wages and compensation for missed meal periods. Defendants profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of unpaid overtime, unpaid compensation for missed meal periods, and interest accrued.

69. Plaintiffs are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid overtime, missed meal period compensation, and interest since four years prior to the filing of this action.

70. Plaintiffs are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

71. Plaintiffs seek and are entitled to the unpaid compensation, declaratory relief, civil penalties, and any other appropriate remedy.

72. In order to prevent Defendants from profiting and benefiting from their wrongful and illegal acts and continuing those acts, Plaintiffs seek an order requiring Defendants to disgorge all the profits and gains they reaped and restore such profits and gains to Plaintiffs, from whom they were unlawfully taken.

73. Plaintiffs have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

74. By all of the foregoing alleged conduct, Defendants committed, and are continuing

to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200, *et seq.*

75. Pursuant to Business & Prof. Code §17203, Plaintiffs and members of the general public are entitled to: (a) restitution of money acquired by Defendants by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and (b) a declaration that Defendants' business practices are unfair within the meaning of the statute.

76. Plaintiffs request relief as described below.

## VIII. REQUEST FOR JURY TRIAL

77. Plaintiffs request a trial by jury.

## IX. PRAYER FOR RELIEF

78. WHEREFORE, Plaintiffs request relief as follows:

A. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

    1. Labor Code §§ 510, 1194, *et seq.*, and IWC wage order No. 5 by failing to pay proper overtime compensation to Plaintiffs;

    2. Labor Code §§ 226.7 and 512, and IWC wage order No. 5 by failing to provide off-duty meal periods to Plaintiffs;

    3. Labor Code §§ 226.7 and IWC wage order No. 5 by failing to provide off-duty rest periods to Plaintiffs;

    4. Labor Code § 226 and IWC wage order No. 5, § 7(B) by failing to provide Plaintiffs with accurate itemized statements of total hours worked with each payment of wages;

    5. Business & Professions Code §§ 17200-17208, by failing to pay proper overtime compensation under California law, by failing to provide meal periods and/or pay missed meal period compensation, and by failing to provide itemized wage statements showing all hours worked;

B. A declaratory judgment that Defendants' violations as described above were willful;

C. An equitable accounting to identify, locate, and restore to Plaintiffs the wages due;

D. An award to Plaintiffs in the amount of unpaid overtime compensation and missed

meal period compensation, including interest thereon, subject to proof at trial;

  E. An award to Plaintiffs of statutory penalties because of Defendants' failure to provide Plaintiffs with itemized wage statements that comply with the requirements of Labor Code § 226, subject to proof at trial;

  F. An order requiring Defendants to pay restitution of all amounts owed to Plaintiffs for Defendants' failure to pay legally required overtime pay, missed meal period pay, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203.

  G. An award to Plaintiffs of reasonable attorneys' fees and costs, pursuant to Labor Code §§ 226 and 1194, Code of Civil Procedure § 1021.5, and/or other applicable law; and

  H. An award to Plaintiffs of such other and further relief as this Court deems just and proper.

DATED: July 17, 2014

                LEONARD CARDER, LLP

                By: _____
                   AARON KAUFMANN
                   XOCHITL LOPEZ
                   Attorneys for Plaintiffs